IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALE ERNEST DENOYER, ) | |
| Petitioner, ) | |
| v. ) | Case No. CIV-16-545-HE |
| U.S. PAROLE COMMISSION, et al., ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a federal inmate proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. *See* Petition (ECF No. 1) Chief United States District Judge Joe Heaton has referred this matter to the undersigned for initial proceedings in accordance with 28 U.S.C. § 636. As outlined herein, the undersigned recommends the Petition be **TRANSFERRED** to the United States District Court for the District of Kansas.

In his Petition filed April 13, 2016 in the United States District Court for the District of Columbia, Petitioner names the U.S. Parole Commission, United States Attorney General, U.S. Department of Justice and the Federal Bureau of Prisons. Petitioner asserts three claims for relief in his Petition. First, Petitioner asserts that the parole commission "did violate due process by not following guidelines established by statute – 18 U.S.C. 4201 to 4215." Second, "warrant application is not factually correct and is therefor not probable cause to arrest parolee. Due Process Violation." Third, "Law violations alleged by the U.S. Parole officer, Eric Theisen, and the U.S. Parole commission are knowingly false and exhibit a reckless disregard for the truth."

At the time of filing, the Petitioner was housed at the Federal Transfer Center located in Oklahoma City, Oklahoma. On May 3, 2016, United States District Judge Rudolph Contreras transferred this matter to the United States District Court for the Western District of Oklahoma, finding that the proper respondent in a habeas corpus action is the petitioner's custodian, *Rumsfeld v. Padilla,* 542 U.S. 426, 434-35 (2004), and this "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Petitioner is no longer in the custody of the warden of the Federal Transfer Center in Oklahoma City, Oklahoma. He is currently incarcerated in the United States Penitentiary, Leavenworth in Leavenworth, Kansas.

Pursuant to 28 U.S.C. § 2241(a), district courts are limited to granting habeas relief "within their respective jurisdictions." The proper respondent in a 28 U.S.C. § 2241 habeas proceeding is "the person who has custody over [the petitioner]," which in this case is the warden or acting warden of the United States Penitentiary, Leavenworth which is located in Leavenworth, Kansas. 28 U.S.C. § 2242. As the Supreme Court has stated, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

Leavenworth, Kansas is in Leavenworth County, which is within the District of Kansas. 28 U.S.C. § 116(b). Because Petitioner is not incarcerated within the jurisdictional confines of this Court, the interest of justice would be furthered by transferring the action to a court with jurisdiction over the matter. See 28 U.S.C. § 1631. In this case, the appropriate court is the United States District Court for the District of Kansas. Accordingly, this action should be transferred to the United States District Court for the District of Kansas.

## RECOMMENDATION

Based upon the undersigned's finding that this court lacks jurisdiction, it is recommended that this action be **TRANSFERRED** to the United States District Court for the District of Kansas. In light of this recommendation, Petitioner's application (Motion) to *proceed in forma pauperis* (ECF No. 2) should be left for consideration by the transferee Court. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **June 24, 2016**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **disposes of all issues** referred to the undersigned magistrate judge in the captioned matter.

ENTERED on June 7, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE